UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                              No. 00-4647

PHILIP MARTIN COOPER,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CR-99-138)

Submitted: June 26, 2001

Decided: August 1, 2001

Before WILKINS and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Craig Weston Sampson, Richmond, Virginia, for Appellant. Helen F. Fahey, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Ali T. Sprinkle, Third Year Law Student, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Philip Martin Cooper pled guilty to one count of possession of a firearm and ammunition by a convicted felon and one count of possession of marijuana with intent to distribute. Cooper challenges the district court's denial of his motion to suppress evidence recovered from his house pursuant to a search warrant based on the Government agents' violation of the knock-and-announce requirement. We have thoroughly reviewed the record and conclude that the failure to knock-and-announce in this particular case did not run afoul of the Fourth Amendment. *See Richards v. Wisconsin*, 520 U.S. 385 (1997).

Cooper also contends that the statements he made to police officers following the raid on his house were involuntary and inadmissible because the interviewing detective repeatedly linked his cooperation with the number of charges that would ultimately be brought against him and the punishment he might receive. Again, after reviewing the record, we find this claim meritless. *See United States v. Braxton*, 112 F.3d 777, 782-83 (4th Cir. 1997); *United States v. Pelton*, 835 F.2d 1067, 1073 (4th Cir. 1987); *United States v. Shears*, 762 F.2d 397, 401-02 (4th Cir. 1985).

Next, Cooper insists that the district court erred in denying his motion to withdraw his guilty plea. Our careful review reveals no abuse of discretion. *United States v. Pitino*, 887 F.2d 42, 46 (4th Cir. 1989); *see* Fed. R. Crim. P. 32(d); *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Cooper further advances a challenge to the district court's decision to grant the Government's motion for an upward departure under USSG § 4A1.3, claiming that it was improper because the court considered a number of factors that might be relevant under USSG § 5K2.0 but have no bearing on § 4A1.3. Again, we find no abuse of discretion. *United States v. Koon*, 518 U.S. 81, 96-100 (1996). Cooper also contends that two felony convictions cited

by the district court in sentencing him as a de facto career offender could not be used because the convictions were more than fifteen years old and there is no evidence in the record that sentences of more than one year and ten days were imposed. We review this claim for plain error because Cooper did not object to the challenged finding at sentencing. *United States v. Olano*, 507 U.S. 725, 731-32 (1993). After reviewing the record, we find that the district court's classification of the two offenses in question as crimes of violence was not plain error. *Id.*; *see* USSG § 4B1.1, 4B1.2.

Next, counsel alleges a violation under the Speedy Trial Act and of the Sixth Amendment right to a speedy trial. Counsel states that there is no meritorious speedy trial issue in this appeal but raises one at his client's request, citing *Anders v. California*, 386 U.S. 738 (1967). We have examined the record with respect to this issue, and find there is indeed no meritorious speedy trial issue for appeal.

In conjunction with this appeal, Cooper moves this court for leave to file a pro se supplemental brief. Cooper contends that he was deprived of his Sixth Amendment right to counsel at sentencing because the district court failed to obtain a valid waiver of counsel when it granted his second motion to terminate court appointed counsel following his guilty plea. We have reviewed the proceedings and find that Cooper was adequately warned of the dangers of self representation and voluntarily waived his right to counsel for the sentencing phase of his proceedings. *See United States v. King*, 582 F.2d 888, 890 (4th Cir. 1978). Finally, Cooper claims counsel was ineffective in permitting him to plead guilty and advising him that he would receive a maximum of five years for his convictions. We decline to address on direct appeal Cooper's ineffective assistance claim in his supplemental brief because the record does not conclusively demonstrate ineffective assistance of counsel. *United States v. Hoyle*, 33 F.3d 415, 418-19 (4th Cir. 1994).

Accordingly, we grant Cooper's motion to file a pro se supplemental brief and affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*